UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHANE BRADLEY | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| ALLIANCE RV, LLC | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I.  Parties

1. Plaintiff, SHANE BRADLEY, is an individual that is now and has been at all times a citizen of the state of Idaho.

2. Defendant, ALLIANCE RV, LLC, hereinafter "ALLIANCE RV," is a citizen of Indiana and an Indiana corporation with its principal place of business located in Elkhart, Indiana and is a warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

ALLIANCE RV's agent for service of process is Coley Brady, 301 Benchmark Dr., Elkhart, IN, 46516.

### II.  Jurisdiction

3. This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original

-1-

jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

4.  Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV.  Conditions Precedent

5.  All conditions precedents have been performed or have occurred.

### V.  Facts

#### A.  The Transaction

6.  On November 10, 2023, Plaintiff purchased a new 2022 ALLIANCE PARADIGM bearing VIN: 7M5FP4125NB202207, hereinafter "PARADIGM," from JR MOTORS.

The "PARADIGM," was purchased primarily for Plaintiff' personal use.  The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

7.  The sales price of the PARADIGM, was $88,000.  Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.  See **_Hughes v. Segal Enterprises, Inc._, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); _Chariton Vet Supply, Inc. v. Moberly Motors Co._, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

#### B.  Implied Warranties

8.  As a result of the sale of the PARADIGM by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the

-2-

PARADIGM would pass without objection in the trade under the contract description; and that the PARADIGM was fit for the ordinary purpose for which such motor vehicles are purchased.

9. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.  Express Warranties

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the PARADIGM, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the PARADIGM had, in fact, repaired the defects.

11. Plaintiff' purchase of the PARADIGM was accompanied by express warranties offered by the Defendant and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the PARADIGM.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the ALLIANCE RV's warranty booklet and owners manual.

### D.  Actionable Conduct

13. In fact, when delivered, the PARADIGM was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective

conditions have occurred since purchase, including, but not limited to the following:

    **A.    SHOWER LEAKS DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    **B.    WATER LEAK BEHIND NAUTILUS PANEL DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    **C.    KITCHEN GRAY WATER TANK DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    **D.    CRACK ON WALL BY DOOR SIDE BY REFRIGERATOR DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    **E.    TOILET BOW SEAL DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    **E.    ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED ON THE REPAIR ORDERS.**

    **F.    THE RV HAS BEEN TENDERED FOR REPAIRS ON TWO SEPARATE OCCASIONS AND OUT OF SERVICE OVER 100 DAYS AND IS STILL DEFECTIVE.**

14.    Since purchase, Plaintiff has returned his PARADIGM to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the PARADIGM, the more significant and dangerous conditions were not repaired. Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the PARADIGM, continues to this day to exhibit some or all of the non-conformities described herein.

15.    The defects experienced by Plaintiff with the PARADIGM substantially impaired its use, value and safety.

16. Plaintiff directly notified all Defendant of the defective conditions of the PARADIGM on numerous occasions.

### VI. Causes of Action

**COUNT 1:   VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

17. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

18. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

19. Defendant is a " "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

20. The PARADIGM herein above described is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

21. The express warranties more fully described herein above pertaining to the PARADIGM is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

22. The actions of Defendant as herein above described, in failing to tender the PARADIGM to Plaintiff free of defects and refusing to repair or replace the defective PARADIGM tendered to Plaintiff constitute a breach of the written and implied warranties covering the PARADIGM and hence a violation of the Magnuson-Moss Warranty Act.

23. Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

24. As a direct and proximate result of the acts and omissions of Defendant as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of $150,000.00 according to proof at trial.

25. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:   BREACH OF EXPRESS WARRANTIES**

26. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

27. The Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff's PARADIGM or those similarly situated were free from inherent risk of failure or latent defects.

28. In addition, the Defendant issued an expressed written warranty which covered the PARADIGM and warranted that the PARADIGM was free of defects in materials and work quality at the time of delivery.

29. As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiff a PARADIGM that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

-6-

30. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

31. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 3: BREACH OF IMPLIED WARRANTIES

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33. The Defendant impliedly warranted that Plaintiff's PARADIGM which it designed, manufactured, and sold, were merchantable and fit and safe for his ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

34. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the PARADIGM had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiff.

35. Because of the defects, Plaintiff's PARADIGM is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendant breached the implied warranty of merchantability.

36. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages;

loss of use; damages; and attorney fees.

## VII.  Economic and Actual Damages

37. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b. Loss of use;

    c. Loss of the "benefit of the bargain";

    d. Diminished or reduced market value; and

    e. Costs of repairs.

## VIII.  Attorney Fees and Costs

38. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX.  Prayer

39. For these reasons, Plaintiff pray for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2022 ALLIANCE PARADIGM bearing VIN: 7M5FP4125NB202207 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to proof at trial;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e. Any diminution in value of the PARADIGM attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Damages for loss of use of vehicle;

i. Civil Penalties and/or Punitive damages;

j. Damages for mental anguish;

k. Attorney fees;

l. Costs of suit, expert fees and litigation expenses; and

m All other relief this Honorable Court deems appropriate.

## XI. Demand for Jury Trial

40. Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF